# In the United States Court of Federal Claims

No. 23-1745
Filed: February 8, 2024

———————————————————————————
                                                            )
MONIKA GRAY-EL MITCHELL,                                    )
                                                            )
                        *Plaintiff,*                        )
                                                            )
    v.                                                      )
                                                            )
THE UNITED STATES,                                          )
                                                            )
                        *Defendant.*                        )
———————————————————————————                                 )

## ORDER

       Plaintiff Monika Gray-El Mitchell, proceeding *pro se*, filed this action alleging a "massive breach of the fiduciaries," causing devastating injuries to those "whose lives are entrusted to the governments [*sic*]."  ECF No. 1 at ¶ 1.  Plaintiff asserts that she represents a class of people who are owed relief from slavery and involuntary servitude.[1]  *Id.* at ¶ 16; ECF No. 1-1 at 1.  Plaintiff seems to imply that the United States Constitution is a contract that places certain obligations on the federal government, and that those "obligations described in the constitution establish clear violations by defendants by imprisoning citizens . . . to serve a commercial purpose."  ECF No. 16 at 3.

       In response, the Government filed a motion to dismiss, ECF No. 15, asking the Court to dismiss Plaintiff's action because it fails to "articulate a claim cognizable in this Court."  ECF No. 15 at 1.  Plaintiff filed a response and cross-motion for more definite statement,[2] ECF No.

---

[1] As the Court outlined in its previous Order, ECF No. 11, Plaintiff, a non-attorney proceeding pro se, may not represent a class before this Court.  ECF No. 11 (citing *Hawkins v. United States*, No. 14-1134C, 2015 WL 690623, at *1 (Fed. Cl. Feb. 3, 2015); *Rose v. United States*, No. 10-224C, 2010 WL 4340950, at *1 n.1 (Fed. Cl. Oct. 29, 2010)).

[2] The Court does not address Plaintiff's cross-motion for more definite statement in depth because the text of Rule 12(e) is clear that such a motion applies only to pleadings, not motions.  *See* RCFC 12(e) ("A party may move for a more definite statement of a *pleading* to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.") (emphasis added), *in connection with* RCFC 7(a) (listing pleadings, which does not include a motion to dismiss); *see also Marcello v. Maine*, 489 F. Supp. 2d 82, 85 (D. Me. 2007) (interpreting the analogous Fed. R. Civ. P. 12(e) and concluding that "Rule 12(e) applies only to pleadings, not to motions.").

16, arguing that the Government's motion did not "acknowledge and respond to each claim exhibited in [the] complaint with facts in law[.]"  ECF No. 16 at 1.

## I.      Legal Standard

"Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)).  This Court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491.  Under the Tucker Act, this Court has subject matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S. C. § 1491(a)(1).  But "[t]he Tucker Act itself does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).  To establish jurisdiction, Plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id.* (citations omitted).  If there is no money-mandating source of law that supports Plaintiff's claims, "the Court of Federal Claims lacks jurisdiction" and the case must be dismissed for lack of subject matter jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

When deciding a Rule 12(b)(1) motion to dismiss, the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [the Plaintiff's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000).  And it is well-established that the plaintiff "bears the burden of establishing that the court has subject matter jurisdiction by a preponderance of the evidence." *Howard v. United States*, 74 Fed. Cl. 676, 678 (2006), *aff'd*, 230 F. App'x 975 (Fed. Cir. 2007) (per curiam) (citation omitted).  Complaints filed by *pro se* plaintiffs "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (citation omitted).  But "the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements." *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

## II.      Discussion

While Plaintiff's claims are hard to decipher, as best the Court can tell, Plaintiff is claiming entitlement to compensation for involuntary servitude during a term of imprisonment. What is clear is that all Plaintiff's potential claims fall outside of this Court's jurisdiction.

First, contrary to Plaintiff's arguments, the United States Constitution is not a private contract enforceable in this Court. *See, e.g.*, *Steltz v. United States*, No. 19-1210C, 2019 WL 4121085, at *1 (Fed. Cl. Aug. 29, 2019) ("Finally, the constitution is not a contract with the United States, the breach of which can be heard under our contract jurisdiction."); *Asmussen v. United States*, No. 14-825C, 2015 WL 351611, at *2 (Fed. Cl. Jan. 27, 2015) ("Nor can the Constitution be considered an express or implied-in-fact contract concerning which a breach action may be maintained in our court."); *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013) ("Neither the exhibits nor the Constitution is a valid contract between Mr. Taylor and the United

States."); *Abdul-Waalee v. United States*, No. 2:21-CV-00638-CCW, 2021 WL 4643735, at *2 (W.D. Pa. Oct. 7, 2021) ("However, the United States Constitution cannot be construed as a private contract."). Even if "there were a legal basis for [Plaintiff's] reliance on the U.S. Constitution as an implied[-in-law] contract," this Court would "nonetheless lack jurisdiction over [her] claim." *Drake v. United States*, 792 F. App'x 916, 921 (Fed. Cir. 2019).

Second, Plaintiff also references claims for unjust enrichment, but there is no independent money-mandating source of law that grants this Court jurisdiction over such claims. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1344 (Fed. Cir. 2008); *Jarurn Invs., LLC v. United States*, 144 Fed. Cl. 255, 262 (2019) ("It is well-settled that claims for unjust enrichment are based on a theory of implied-in-law contracts for which this court lacks jurisdiction."); *Frank & Breslow, LLP v. United States*, 43 Fed. Cl. 65, 68 (1999) ("Plaintiff's claim of unjust enrichment is also beyond our jurisdiction.").

Third, to the extent Plaintiff relies on a theory of involuntary servitude under the Thirteenth Amendment, this Court lacks jurisdiction over that claim. *Maxberry v. United States*, 722 F. App'x 997, 1000 (Fed. Cir. 2018) ("The Claims Court lacks jurisdiction over claims based on the Fourth, Sixth, Eighth, Thirteenth, and Fifteenth Amendments, and the Due Process clauses of the Fifth and Fourteenth Amendments, because they are not money-mandating."); *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002). This Court has previously dismissed claims based upon similar theories of involuntary servitude during imprisonment. *See, e.g.*, *Smith v. United States*, 51 Fed. Cl. 36, 38 (2001); *Hargreaves v. United States*, No. 19-590C, 2019 WL 7168005, at *4 (Fed. Cl. Dec. 23, 2019); *Stanley v. United States*, No. 09-262C, 2009 WL 3027448, at *4 (Fed. Cl. Aug. 18, 2009). Even if this Court were to construe Plaintiff's claim as asserting a form of cruel and unusual punishment under the Eighth Amendment, this Court will still lack jurisdiction. *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment[.]").

Fourth, Plaintiff's reliance on various criminal statutes—*e.g.*, embezzlement, terrorism, kidnapping, etc.—does not invoke this Court's jurisdiction either. *Snowton v. United States*, 216 F. App'x 981, 983 (Fed. Cir. 2007) ("Additionally, the Court of Federal Claims lacks jurisdiction over suits based upon criminal statutes."); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Plaintiff's references to "Civil Rights Litigation," ECF No. 1 at 20, also do not help her establish jurisdiction because this Court does not have jurisdiction over claims under 42 U.S.C. § 1983[3] or the Civil Rights Act. *See Alexander v. United States*, 131 F. App'x 275, 277 (Fed. Cir. 2005); *Dourandish v. United States*, 629 F. App'x 966, 971 (Fed. Cir. 2015).

Finally, Plaintiff makes vague references to the "Federal Tort Act," ECF No. 1 at 8, but that doesn't save her case either, because this Court lacks jurisdiction over tort claims. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . in cases *not sounding in tort*."); *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993); *Bru'ton v. United States*, 621 F. App'x

---

[3] In addition, Section 1983 applies only against the states, not the United States government. *Hover v. United States*, 566 F. App'x 918, 920 (Fed. Cir. 2014) ("Section 1983 therefore does not give rise to liability on the part of the United States.").

650, 651 (Fed. Cir. 2015) ("It is well established that the Court of Federal Claims does not have jurisdiction over tort claims."); *Trafny*, 503 F.3d at 1340.  Indeed, Congress vested the exclusive authority to hear claims under the Federal Tort Claims Act in the district courts.  28 U.S.C. § 1346(b)(1).  And when Congress vests the exclusive jurisdiction over cases in the district courts, this Court lacks jurisdiction to hear such cases because "Congress may also specify, in a particular statute that mandates payment of money, that review is restricted to a court other than ours." *Kristian v. United States*, No. 19-1576C, 2020 WL 504793, at *1 (Fed. Cl. Jan. 31, 2020) (quoting *Fletcher v. United States*, No. 10-203C, 2010 WL 2640337, at *2 (Fed. Cl. June 30, 2010)).

In sum, Plaintiff fails to establish this Court's jurisdiction over her claims.

### III.    Conclusion

For the foregoing reasons, the Court:

1. **GRANTS** Plaintiff's motion to proceed in forma pauperis, ECF No. 2;

2. **DENIES** Plaintiff's motion for more definite statement, ECF No. 16;

3. **GRANTS** the Government's motion to dismiss, ECF No. 15; and

4. **DIRECTS** the Clerk's Office to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Edward H. Meyers
Edward H. Meyers
Judge